IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE VANY, Personal Representative of the Estate of Courtland Bryce Froemke;<br><br>Plaintiff,<br><br>vs.<br><br>KEITH ANDREW, AMBER HORN, SANDRA ALLEN, HEIDI GILLESPIE, PAUL SCHUAB, SAM LOVATO, JOE AIKENS, ADAM FRERICHS, JIM BUSH, JONATHAN HAEFELE, ENEMENCIO FALCON, MASON TVRS, CARLY FORTUNE, DR. PETER SCHILKE, COUNTY OF CHEYENNE, NEBRASKA, for the Cheyenne County Sheriff's Department; and CITY OF SIDNEY, NEBRASKA, for the Sidney Police Department;<br><br>Defendants. | 8:25CV620<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for clarification, Filing No. 12, and motion for extension of time, Filing No. 13. For the reasons that follow, the Court will deny Plaintiff's motion for clarification and grant her request for an extension of time.

## I. MOTION FOR CLARIFICATION

On December 8, 2025, Plaintiff filed her "Motion for Clarification Regarding Statute of Limitations and Statutory Tolling." Filing No. 12. Plaintiff asks the Court "for clarification regarding the application of the statute of limitations in light of the documented concealment and delayed

production of records by multiple agencies," Filing No. 12 at 1, documented by Plaintiff in her previously submitted "Notice to the Court," Filing No. 11. Plaintiff states that "[b]ecause essential records were withheld or concealed, Plaintiff could not have reasonably known this matter involved wrongful-death and civil-rights issues until 2025." Filing No. 12 at 1. Plaintiff, thus, "seeks clarification from the Court regarding whether the statute of limitations is tolled under these circumstances"; "how the statute of limitations applies where the record reflects delayed production, inconsistent explanations, and incomplete responses to lawful requests for public records and investigative files"; and "the effect of continued nonproduction of core investigative materials, and whether such concealment impacts or delays the accrual of claims under applicable statutes." Filing No. 12 at 1–2. Plaintiff's requests for clarification are improper, however, as they seek the Court's legal advice on issues that are not properly before the Court for review.

At present, Plaintiff must obtain the assistance of counsel before this case can proceed as the Court explained in its October 22, 2025, Memorandum and Order. Filing No. 8. Plaintiff was granted an extension of time to December 22, 2025, to obtain the services of counsel to litigate this action brought by Plaintiff in her capacity as the Personal Representative of the Estate of Courtland Bryce Froemke, *see* Filing No. 9; Filing No. 10 (text order granting extension), and she seeks further extension of that deadline, Filing No. 13. As Plaintiff cannot litigate this action pro se on behalf of the estate and the estate cannot litigate its action in this Court without representation by counsel, any issues regarding the timeliness of the complaint or the possible application of equitable tolling are not properly before the Court. The Court cannot advise Plaintiff on the potential application of the statute of limitation or equitable tolling principles when Plaintiff's action is not properly filed in this Court

without the assistance of a licensed attorney. *See KCCP Tr. v. City of N. Kan. City,* 432 F.3d 897, 899 (8th Cir. 2005) (explaining that Article III of the Constitution prohibits federal courts from providing "advisory opinions"); *see also Bias v. Moynihan,* 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants.").

Accordingly, Plaintiff's motion for clarification, Filing No. 12, is denied.

## II. MOTION FOR EXTENSION OF TIME

On December 8, 2025, Plaintiff moved for an extension of the December 22, 2025, deadline to obtain counsel to represent the Estate of Courtland Bryce Froemke. Filing No. 13. Plaintiff represents that she has acted diligently and in good faith in attempting to obtain counsel but "has been unable to secure counsel due to the complexity of the case and the volume of records requiring review." Filing No. 13. Plaintiff states she continues to contact individual law firms and has expanded her efforts to secure representation. Upon consideration, and for good cause shown, the Court will grant Plaintiff an extension of 30 days from the date of this order to obtain the assistance of counsel.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for clarification, Filing No. 12, is denied.

2. Plaintiff's motion for extension of time, Filing No. 13, is granted. Plaintiff shall have until **February 6, 2026**, to obtain the services of counsel in accordance with the Court's October 22, 2025, Memorandum and Order.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 6, 2026**: deadline for Plaintiff to obtain counsel for estate.

Dated this 7th day of January, 2026.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

4